**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEVIN BRIAN FORNSHILL,
Plaintiff-Appellant,

v.

CHRISTOPHER W. RUDDY; JAMES DALE

DAVIDSON; AGORA, INCORPORATED,
d/b/a Strategic Investment, LLC;
WESTERN CENTER FOR JOURNALISM,
Defendants-Appellees.

No. 95-2490

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-94-2723-AW)

Argued: May 10, 1996

Decided: June 11, 1996

Before MICHAEL, Circuit Judge, NORTON, United States
District Judge for the District of South Carolina,
sitting by designation, and DOUMAR,
Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Philip Matthew Stinson, Sr., Philadelphia, Pennsylvania,
for Appellant. Michael Edward Geltner, GELTNER & ASSO-

CIATES, P.C., Washington, D.C., for Appellees. **ON BRIEF:** James McCollum, Jr., JAMES MCCOLLUM & ASSOCIATES, P.C., College Park, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin Fornshill appeals from the district court's entry of summary judgment in favor of defendants in this defamation action. Fornshill argues that the district court erred in converting defendants' Fed. R. Civ. P. 12(b)(6) motion into a motion for summary judgment and that the court erred in holding that defendants' publications were not "of and concerning" him. Finding no error, we affirm.

I.

Fornshill's defamation claim stems from a report, written by defendant Christopher Ruddy, relating to the suicide death of Deputy White House Counsel Vincent Foster. Fornshill was one of 430 United States Park Police assigned to the Washington, D.C., metropolitan area. On July 20, 1993, Fornshill was dispatched to Fort Marcy Park in McLean, Virginia, where Foster's body was discovered. Fornshill remained at the scene for approximately ten minutes.

On January 19, 1994, Attorney General Janet Reno appointed Robert Fiske to investigate matters relating to Foster's death. On June 30, 1994, Fiske issued a report which concluded, among other things, that Foster committed suicide, that Fornshill discovered Foster's body, and that Foster died at the location where Fornshill discovered the body.

On July 19, 1994, Ruddy, a former New York Post reporter, published a document entitled A Special Report on the Fiske Investigation

2

of the Death of Vincent W. Foster, Jr.. The report is largely a critique of Fiske's investigation and report. Ruddy's report in part alleges that the park police participated in a cover-up by changing, in their official reports, the spot where Foster's body was found. Ruddy's report also alleges that "someone re-created a second crime scene by the second cannon -- complete with blood stain."

Ruddy's report is divided into five sections. The first section, entitled "The Cover-Up," is the only section in which Fornshill's name appears. Ruddy begins this section by calling the events "one of the biggest cover-ups in American history." He says that at least twenty officials have knowledge that could "incriminate many of the federal officials involved in investigating the death of Foster." Ruddy also says that "[t]here is powerful evidence that these officials obstructed justice by" issuing false reports, lying to the press and public, and intentionally misleading Fiske, his staff, and the FBI. Ruddy continues, "Revelation of this cover-up would also seriously impugn the credibility and legitimacy of the U.S. Park Police, whose forensic and physical evidence constituted a major part of the special prosecutor's report on the cause of Foster's death."

In the remainder of "The Cover-Up" section, Ruddy compares Fiske's report with the "unrehearsed" account of events he received from a paramedic who was on duty the night of Foster's death. Ruddy mentions Fornshill's name five times in describing how Fiske reported Fornshill's discovery of the body. Ruddy mentions no other United States Park Police officer by name in this discussion. Fornshill is not mentioned by name in the remaining sections of the report.

Defendant Agora, Inc. publishes a newsletter entitled Strategic Investment. Agora printed excerpts from Ruddy's report in the August 17, 1994, issue of the newsletter. The article introducing the excerpts was written by defendant James Davidson. Fornshill's name does not appear in the newsletter. On August 28, 1994, defendant Western Journalism Center placed a full-page advertisement in the New York Times calling for an independent investigation of Foster's death and offering discount coupons for Ruddy's report. The advertisement did not mention Fornshill's name.

On August 31, 1994, Fornshill filed a complaint in Maryland state court, and the defendants removed the action to the United States Dis-

3

trict Court for the District of Maryland. Fornshill's complaint alleged that Ruddy defamed him in his report by stating that Fornshill: (1) lied about the location of Foster's body, (2) participated in a cover-up by changing the location of Foster's body, (3) obstructed justice by lying to the press and public and by committing a number of federal offenses, including intentionally misleading Fiske, his staff, and the FBI, and (4) did not find the body. The complaint alleged that the remaining defendants were liable because they republished Ruddy's report.

On November 4, 1994, defendants moved to dismiss Fornshill's complaint pursuant to Rule 12(b)(6). The court conducted a hearing on July 14, 1995. Because the parties (including Fornshill) had submitted materials outside of the pleadings, the judge treated the Rule 12(b)(6) motion as a motion for summary judgment. No party objected.

On July 24, 1995, the district court ruled that the publications were not "of and concerning" Fornshill and granted summary judgment in favor of the defendants. On the same day, the judge received Fornshill's motion to file supplemental materials. The judge denied the motion as untimely. This appeal followed.

II.

Fornshill first argues that the district court erred by treating defendants' Rule 12(b)(6) motion as a Rule 56 motion for summary judgment. He argues that before converting defendants' Rule 12(b)(6) motion into one for summary judgment, the court failed to give him notice and a reasonable opportunity to present all material pertinent to the motion for summary judgment. We do not believe that the district court erred.

Rule 12(b) allows a district court to convert a motion to dismiss for failure to state a claim into a motion for summary judgment so long as the parties have a "reasonable opportunity" to present materials pertinent to the motion for summary judgment. Herbert v. Saffel, 877 F.2d 267, 270 (4th Cir. 1989); see Fed. R. Civ. P. 12(b). In this case, Fornshill unquestionably had such an opportunity. Attached to defendants' Rule 12(b)(6) motion were several declarations and other mate-

4

rials outside the pleadings, putting Fornshill's counsel on notice of possible conversion. See Wheeler v. Hurdman, 825 F.2d 257, 260 (10th Cir.), cert. denied, 484 U.S. 986 (1987). Fornshill's counsel apparently understood this possibility because in his memorandum in opposition to defendants' Rule 12(b)(6) motion, he articulated the standard for summary judgment and stated that there existed a genuine dispute of material fact. Attached to his opposition to the motion was Fornshill's affidavit and a transcript of Fornshill's sworn testimony before the United States Senate Banking Committee. At the hearing on defendants' motion (over seven months later), Fornshill's counsel submitted to the court additional materials outside the pleadings. Finally, the district judge announced at the hearing that he would treat the motion as one for summary judgment, and Fornshill's counsel did not object. Under these circumstances, we conclude that Fornshill should have expected summary judgment treatment and that he had ample opportunity to submit materials pertinent to a motion for summary judgment. See Maruho Co. v. Miles, Inc., 13 F.3d 6, 8 (1st Cir. 1993).*

III.

With respect to the substance of his defamation claim, Fornshill argues that the district court erred for two reasons. First, he says that Ruddy's report is "of and concerning" him (Fornshill) because he is one of only three park police officers specifically named in the report and one of only two park police who were at the Foster death scene. See Ewell v. Boutwell, 121 S.E. 912, 914-15 (Va. 1924). Second, Fornshill says that a jury must decide the issue of whether a publication is "of and concerning" the plaintiff. See The Gazette, Inc. v. Harris, 325 S.E.2d 713, 739 (Va. 1985).

_____

*We likewise reject Fornshill's argument that the district court abused its discretion by refusing to consider supplemental materials submitted six days after the hearing. A party must "show cause" and demonstrate "excusable neglect" for its failure to timely file additional materials. See Fed. R. Civ. P. 6(d); Lujan v. National Wildlife Federation, 497 U.S. 871, 895-96 (1990). Since Fornshill's counsel was on notice that the motion might be converted to one for summary judgment, Fornshill cannot show cause for the failure to timely file the materials.

We think the district court correctly concluded that Ruddy's report was essentially a criticism of Fiske's report and the government's investigation of Foster's death. Ruddy's report criticizes "many of the federal officials involved" and alleges that the park police changed the location of the body "in their official reports." Fornshill was only on the scene for ten minutes, was neither an investigator nor a detective, and never assisted in the preparation of any park police report. Thus, we agree that the publication was not "of and concerning" Fornshill. There is no issue for a jury to decide, and we affirm the entry of summary judgment in favor of all defendants for the reasons stated in the district court's thorough opinion. See Fornshill v. Ruddy, 891 F. Supp. 1062 (D. Md. 1995).

IV.

The judgment of the district court is affirmed.

AFFIRMED